IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:13-CV-66-FL

| | |
|---|---|
| JAMES DEAN GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 27, 30). In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court remands to defendant for further proceedings.

**BACKGROUND**

Plaintiff filed an application for disability benefits on November 9, 2010, alleging disability beginning April 30, 2008. This application was denied initially and upon reconsideration. A hearing was held on April 6, 2012, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated May 15, 2012. The Appeals Council denied plaintiff's request for review on September 24, 2013, after granting additional time and considering additional evidence submitted by plaintiff. Thus, the ALJ's decision became defendant's final administrative decision. Plaintiff filed a complaint on November 25, 2013, seeking reversal of defendant's decision or, in the alternative, remand for further proceedings.

# DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform his past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 30, 2008. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease and wright wrist arthropathy. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform medium work, except that he is limited to only occasionally climbing, and is limited to frequently but not constantly balancing, stooping, kneeling, crouching, and crawling, and is limited to frequently but not constantly handling with the right upper extremity. In making this assessment, the ALJ found plaintiff's statements about the severity of his symptoms not fully credible to the extent they were inconsistent with the ALJ's RFC assessment. At step four, the ALJ concluded plaintiff was capable of performing his past relevant work as an auto mechanic, and thus was not disabled from April 30, 2008, through the date of the ALJ's decision.

B. Analysis

Plaintiff raises several grounds for reversal or remand of defendant's decision. First, plaintiff argues that defendant failed to review properly a Medicaid decision, issued October 23, 2012. Second plaintiff argues that defendant erred in not finding that all the evidence in the record, including new evidence submitted to the Appeals Council, supports a determination of disability. Third, plaintiff argues that defendant improperly evaluated his credibility. Fourth, plaintiff argues that defendant erred in finding that he could perform his past work as an auto mechanic, without benefit of vocational expert testimony. The court will address each ground in turn.

1. Medicaid Decision

In denying plaintiff's request for review, the Appeals Council noted that it had considered and made a part of the record additional evidence, including a Notice of Decision from the State of North Carolina Department of Health and Human Services, dated October 23, 2012 (hereinafter the "Medicaid decision"), among other medical records dated after the date of the ALJ decision. The

3

Appeals Council stated that it "found that this information does not provide a basis for changing the [ALJ's] decision." It explained its reasons as follows:

> The [ALJ] decided your case through May 15, 2012. This new information is about a later time. Therefore it does not affect the decision about whether you were disabled beginning on or before May 15, 2012. If you want us to consider whether you were disabled after May 15, 2012, you need to apply again.

(Tr. 2).

"The Appeals Council must consider evidence submitted with [a] request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Id. at 96 (citing Williams, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

In this case, the Appeals Council considered the Medicaid decision and took it into the record. (Tr. 1-2, 6, 10-12). Having done so, the Appeals Council was required to consider the decision "in determining whether to grant review, even though it . . . ultimately decline[d] review." Wilkins, 953 F.2d at 95. Where "the Appeals Council denied review, the decision of the ALJ became the final decision of the Secretary." Id. at 96. Because the Appeal's council specifically incorporated the Medicaid decision into the record, the remaining task for the court is to "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Wilkins, 953 F.2d at 96.

The Medicaid decision in this case applied the same Social Security Regulations applicable to defendant's decision here. In particular, it concluded that plaintiff had a "severe impairment of

4

cervical degenerative disc disease" that "significantly limits [his] ability to do basic work activities," as defined by Social Security Regulation, 20 C.F.R. 416.910 (2012). (Tr. 11). The Medicaid decision further concluded that plaintiff "meets the disability requirement referenced in 20 C.F.R. 416.920(d) [2012], Appendix 1, Listing 1.04, which directs a finding of disabled." (Id.). As a result, the Medicaid decision concluded that plaintiff "is disabled as defined in the cited regulations with an effective Medicaid eligibility date of March 2012." (Id.).

"Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) "Thus, . . . in making a disability determination, the SSA must give substantial weight to [the other agency's] disability rating," and may only "give less weight to [the other agency's decision] when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id.

Here, although the Appeals Council reviewed the Medicaid decision, it found that it did not provide a basis for changing the ALJ's decision because it was "about a later time," and not "about whether [plaintiff was] disabled beginning on or before May 15, 2012." (Tr. 2). The record, however, does not demonstrate that discounting the Medicaid decision on this basis was appropriate. Rather, the record suggests that the Medicaid decision concerned, at least in part, the time period beginning with the March 2012 effective date of the decision, two months prior to the date of the ALJ decision. While defendant urges the court to consider only the October 2012 date of the Medicaid decision, the date of the decision is not determinative. Rather, the critical determination is whether it "relates to the period on or before the date of the ALJ's decision." Wilkins, 953 F.2d

5

at 96. Here, the decision states that it has an effective date of March 2012, thus suggesting on its face that it relates at least back to that time period.

Defendant also suggests that the Medicaid decision was not relevant because it was based upon a review of medical records post-dating the May 15, 2012, ALJ's decision. However, not all of the medical sources cited in the Medicaid decision post-date the ALJ's decision. For example, the Medicaid decision states that its finding of severe impairment is "supported by objective medical evidence which reveals . . . [plaintiff] had a discharge instruction from OBICI Hospital indicating that [plaintiff] had acute cervical radiculopathy." (Tr. 11). This discharge instruction was dated April 30, 2008. (See Tr. 373; 275).

Further, while the remaining records specifically listed in the Medicaid decision are all dated between June, 2012, and August, 2012, the decision suggests, in light of its citation to the 2008 record, that those 2012 records are relevant to plaintiff's condition back to the effective date of the Medicaid decision in March 2012. In any event, the Appeals Council admitted into the record all the post-May 2012 records submitted by plaintiff. Whether these records themselves relate back to the period of disability under review is an independent issue, discussed separately below.

In sum, without further explanation of its reasons for discounting the Medicaid decision, this court is unable to determine whether substantial evidence supports defendant's decision. Accordingly, remand is required for further explanation of the reasons for discounting the Medicaid decision.

    2. Additional New Evidence

Along with the Medicaid decision, the Appeals Council considered and incorporated into the record several additional examination reports and records, dated between June 2012 and August

6

2012. (Tr. 1-2, 6, 10-12). Plaintiff contends that all the evidence, including the new evidence, requires a finding of disability on the basis of Listing 1.04 (see 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 ("Disorders of the spine")). Defendant contends, as the Appeals Council also reasoned in its decision, that the new evidence is irrelevant because it relates only to the period after the ALJ's decision.

The new evidence consists of compelling evidence of disability, including an MRI taken in July 2, 2012, less than two months after the ALJ's decision, which showed "[d]isc chambers at C5-C6 more than C6-C7 with <u>cord flattening</u> and <u>moderate to severe neural foraminal narrowing</u>." (Tr. 32) (emphasis added). Examining physician, Dr. Jamie Udwadia noted in a report following the MRI that plaintiff had a "[l]ongstanding history of chronic neck pain," and that plaintiff stated his neck pain was "exacerbated in 2009 since motor vehicle accident," and stated his "pain is worse with any movement of his neck," although he was not taking pain medication at the time. (Tr. 67-68). In addition, plaintiff's treating physician stated in a treatment note dated August 16, 2012, that plaintiff "has marked functional limitations of his upper extremities due to <u>cervical disc nerve compression</u> that is going to require neurosurgical intervention by the end of August." (Tr. 26) (emphasis added).

Despite the defendant's discounting of the new evidence solely on the basis of its timing, "'the record is not so persuasive as to rule out any linkage' of the final condition of the claimant with his earlier symptoms." <u>Bird</u>, 699 F.3d at 341 (quoting <u>Moore v. Finch</u>, 418 F.2d 1224, 1226 (4th Cir. 1969)). Indeed, given the lack of other objective medical evidence from July 2010 to June 2012, the July 2012 MRI, taken just two months after the ALJ's decision, "could be the 'most cogent proof' of" plaintiff's pre-decision disability. <u>Bird</u>, 699 F.3d at 341 (quoting <u>Moore</u>, 418 F.2d at

7

1226). In addition, "retrospective consideration of medical evidence is especially appropriate when corroborated by lay evidence," id. at 342, such as plaintiff's testimony and reported symptoms in the January 2011 consultative exam. (See, e.g., Tr. 101-104, 397).

In sum, remand is required for further consideration of the evidence in the record post-dating the ALJ's decision. Upon review of all the evidence in the record, the ALJ on remand may still decide that the weight of the evidence supports a determination of no disability for the period prior to May 2012. But, such weighing of the evidence is the province of the ALJ in the first instance on remand, not the court.

    3. Credibility Assessment

In assessing credibility, the ALJ must follow a two-step process: (1) the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms, including pain, and (2) the ALJ must evaluate the credibility of the statements regarding those symptoms. Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996). The evaluation must account for "all the available evidence, including the claimant's medical history, medical signs, . . .laboratory findings," "daily activities," and "medical treatment." Id. at 595 (internal quotations omitted). The decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

Pursuant to Mascio, the ALJ erred in this case by considering the credibility of plaintiff's testimony through the use of the following "boilerplate" language:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of

> the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 16); see Mascio, 2015 WL 1219530, at *5. This method, the court observed, "'gets things backwards' by implying that ability to work is determined first and is then used to determine the claimant's credibility.'" Id. (quoting Bjornson v. Astrue, 671 F.3d 640, 644-45 (7th Cir. 2012)). Instead, "the ALJ here should have compared [plaintiff's] alleged functional limitations from pain to the other evidence in the record, not to [plaintiff's] residual functional capacity." Id.

"The ALJ's error would be harmless if he properly analyzed credibility elsewhere." Id. In this instance, the ALJ included a detailed discussion of plaintiff's statements and the ALJ's assessment of the credibility of those statements on the record then before the ALJ. (Tr. 85). The evaluation of plaintiff's credibility, however, is incomplete on the present record, precluding a harmless error determination. Given that the credibility evaluation must account for "all the available evidence," Craig, 76 F.3d at 595, and must contain "specific reasons for the finding on credibility, supported by the evidence in the case record," SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996), remand is required for a credibility assessment in light of the new evidence entered into the record by the Appeals Council.

4. Past Work

Because remand is required for purposes of reassessing plaintiff's RFC, the court does not reach plaintiff's additional argument concerning the ALJ's determination of ability to perform past work, at step four of the sequential analysis. Furthermore, because it is the province of the ALJ in the first instance to weigh the evidence, the court rejects plaintiff's suggestion to reverse and order

payment of benefits without remand. Instead, the court will grant plaintiff's alternative request to remand for further proceedings.

**CONCLUSION**

Based on the foregoing, the court GRANTS plaintiff's motion (DE 27), DENIES defendant's motion (DE 30), and REMANDS to the defendant for further proceedings consistent with this order, pursuant to sentence four of 42 U.S.C. 405(g).

SO ORDERED, this the 30th day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge